IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NUCLOUD GLOBAL, INC., a Missouri Corporation<br><br>         Plaintiff,<br><br>v.<br><br>TLS GROUP, S.A., a Luxembourg company,<br><br>         Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:15-cv-00260-DBP<br><br>Magistrate Judge Dustin B. Pead |

### I.       INTRODUCTION

This matter is pending consent before the Court under 28 U.S.C. § 636(c). It is before the Court on Plaintiff's ex parte Motion for Leave to File Complaint Under Seal. (Dkt. 3)

### II.      ANALYSIS

Plaintiff seeks leave to file its complaint under seal. Plaintiff's only asserted justification for doing so is that the agreement underlying the lawsuit is subject to a confidentiality agreement. (Dkt. 3 at 2.)

The Supreme Court has explained that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, (1978) (footnote omitted). This public access to court documents separates this country from others with less transparency. *Id.* "This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system." *Vega v. Wiley*, No. 07-1357, 2007 WL

4287730, at *1 (D. Colo. Dec. 5, 2007) (citing *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir.2002)). In recognition of this right of access, the District of Utah has implemented a local rule urging counsel to be "highly selective" about filing such motions, which will only be granted upon showing that there is some legal basis for sealing the material at issue:

> The records of the court are presumptively open to the public. The court has observed that counsel are increasingly and improperly overdesignating sealed materials in pleadings and documents filed with the court. In order to prevent such overdesignation, the court is now requiring counsel to be highly selective in filing documents under seal. A portion of a document or portion of a pleading shall be filed under seal only if the document or pleading, or portions thereof, are privileged or protectable as a trade secret or otherwise entitled to protection under the law (hereinafter "Sealed Material"). A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal.

D.U. Civ. R. 5-2(a).

As Rule 5-2 explicitly states, a stipulation will not suffice to justify sealing of documents. Likewise, the pre-litigation agreement discussed in Plaintiff's motion does not provide a sound basis for sealing the Complaint. As Plaintiff offers no other basis for filing its Complaint under seal, the request is denied.

Dated this 23rd day of April, 2015.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge